UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE M. PUSH,

       Plaintiff,                          Case No: 15-11867
                                                  Hon. VICTORIA A. ROBERTS

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.    Introduction**

On May 21, 2012, Plaintiff, Elaine M. Push, filed an application for Disability Insurance Benefits ("DIB"), alleging an onset date of December 19, 2011. The application was denied and Push filed a timely request for administrative hearing. The hearing was held on November 5, 2013. Administrative Law Judge ("ALJ") Paul Jones found that Push was not disabled under the Social Security Act. The Appeals Council denied her review and she timely filed for judicial review of the final decision on May 22, 2015. This action was referred to Magistrate Judge David R. Grand for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Push makes three objections to the R&R.

The Court **ADOPTS** Magistrate Judge Grand's R&R.

**II.    Background**

Push was fifty-four years old, 5'7" tall, and weighed approximately 170 pounds at

the time of the administrative hearing. She dropped out of school in the ninth grade, but later earned her GED. She worked for twenty-five years, the last fifteen years of which she worked as an administrative assistant. On January 20, 2009, Push stopped working when her employer "got rid" of her because she was unable to work. She applied for disability benefits due to rheumatoid arthritis, fibromyalgia, ulcerative colitis, and irritable bowl syndrome ("IBS").

The ALJ considered all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with objective medical evidence. Among other evidence, the ALJ considered:

-The treating doctors' treatment and consultation notes, and observations.

- Push's diagnosis of arthritis and fibromyalgia with no imaging evidence of arthritis and normal inflammatory markers.

- Push's troubles with her hands and wrists, and complaints of thirty minutes of morning stiffness.

- Push's symptoms of fatigue, muscle and joint pain, and joint swelling.

- Evidence found by clinicians of rheumatoid arthritis and inflammatory arthritis, and multiple tender points in a pattern consistent with fibromyalgia.

- Tenderness with range of motion and stress pain with both wrists.

- X-rays of both wrists and hands that were unremarkable and MRI of the right hand that was normal.

- X-rays of Push's bilateral shoulders, hands, wrists, ankles, and feet that were normal.

- Push's grip strength of 5/5 and her intrinsic finger muscle strength of 3/5.

- Push's response to steroids.

- Push's diagnosis of mild degenerative disc disease in her cervical and lumber spine.

- X-rays showing mild dextroscoliosis of the mid thoracic spine, and mild degenerative changes in her cervical and lumbar spine.

- A colonoscopy revealing multiple small mouthed diverticula in the sigmoid, transverse, and ascending colons.

Pursuant to the five-step inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act, the ALJ determined that Push met her burden of proof through the first two steps. At step three, the ALJ found that Push's impairments do not medically equal a listed impairment. At step four, the ALJ found that Push is able to perform her past relevant work as an administrative assistant. At step five, the ALJ found that Push is capable of performing a significant number of jobs that exist in the national economy.

### III. Standard of Review

The Court conducted a *de novo* review of the R&R and the record in light of Plaintiff's objections. Where a Magistrate Judge submits an R&R and a party files objections, the district court must conduct a *de novo* review of those portions of the R&R to which an objection has been made. Fed. R. Civ. P 72(b)(3). The district judge may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1)©. After completing a *de novo* review, there is no requirement that the district court articulate all of the reasons it rejects a party's objections. *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001).

**IV.     Legal Standard**

"This Court must affirm the Commissioner's conclusion absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Warner v. Comm'r Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). If a "reasonable mind might accept the relevant evidence as adequate to support a conclusion," the substantial evidence standard is met. *Id.* If "substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* It is for the ALJ "to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). If an agency has failed to adhere to its own procedures, the Court "will not remand for further administrative proceedings unless the 'claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009) (quoting *Connor v. United States Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)).

The Court does not "try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. MacMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Only evidence in the record "can be considered when determining whether or not the ALJ's opinion was supported by substantial evidence." *Id.* at 512-13. However, there is no requirement that the ALJ or the Court discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th

Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.")

An individual must be found disabled under the Social Security Act to obtain benefits. The Act defines "disability" as the:

> [I]nability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).

The ALJ is required to follow a five-step sequential analysis in making a determination as to disability:

> Step One: If claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
> Step Two: If claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.
> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, 2011 WL 6937331, at 7 (E.D. Mich. Dec 6, 2011) (citing 20 C.F.R. § 404.1520); *see also Walters v Comm'r of Soc. Sec.,* 127 F.3d 525 (6th Cir. 1997).

**V.     Discussion**

    **A.     Objection one: Weighing medical evidence**

5

Push argues that Magistrate Judge Grand erred in finding that the ALJ had properly weighed the medical evidence and properly considered the opinions of treating physicians. Push says that there was objective evidence introduced that amply documented her limitations. Push says that the ALJ disregarded the opinion of Dr. Bregni-Page, and instead, gave great weight to the opinions of the State agency medical consultants. Push also alleges that the ALJ failed to account for and properly consider Push's fibromyalgia and to address the limitations in her ability to use her hands.

Dr. Bregni-Page gave no medical opinion regarding Push's abilities. Rather, Dr. Bregni-Page only observed that Push was applying for disability benefits and noted Push's complaints, symptoms, and treatments. These observations, without more, are not the type of information from a treating physician which will be given great weight under 20 C.F.R. § 404.1513. 20 C.F.R. § 404.1526(a)(2) "defines medical opinions as assertions involving judgments about a patient's 'symptoms, diagnosis and prognosis.'" *Bass,* 499 F.3d at 510. Dr. Bregni-Page's observations did not fall in this category. Therefore, the treating physician rule does not apply here and the ALJ was not required to give great weight to Dr. Bregni-Page's observations.

Magistrate Judge Grand did address and the ALJ did account for Push's allegations concerning limitations in her ability to use her hands. Magistrate Judge Grand outlined that the ALJ accounted for Dr. Ikeman's and Dr. Patel's assessments of Push's hand limitations. Dr. Ikeman discussed Push's difficulty with her hands, including numbness, tenderness, and dropping objects, but found that the x-rays of her hand were normal. Dr. Patel indicated that Push had difficulties with fine activities, such as

6

fastening buttons, and observed tenderness, but found no redness or limited range of motion in her PIP or DIP joints. The ALJ weighed the review of the State Agency medical consultant—which concluded that Push was capable of frequent handling and fingering—against the treating doctors' observations, and agreed with the medical consultant's assessment.

With respect to Push's assertion that the ALJ failed to account for Push's diagnosis of fibromyalgia, Push presents this argument for the first time. An argument that is "first presented to the Court in a reply brief is waived." *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006) (citing *United States v. Moore*, 376 F.3d 570, 576 (6thn Cir. 2004).

Magistrate Judge Grand did not err by finding that the ALJ properly weighed the medical evidence and that substantial evidence supports the decision of the ALJ.

## B.    Objection two: Credibility assessment

Push argues that Magistrate Judge Grand erred by finding that the ALJ's conclusions about Push's credibility were supported. Whether the ALJ permissibly found Push's "complaints not credible depends not only upon the scope of his authority in making such credibility determination, but also upon his evaluation of the evidence on which the determinations were made." *Rogers*, 486 F.3d at 247.

A two part analysis is used to evaluate complaints of disabling pain:

> Where the symptoms and not the underlying condition form the basis of the disability claim. . . [f]irst, the ALJ will ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms . . . [s]econd, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities . . . [r]elevant factors for the

> ALJ to consider in his evaluation of symptoms include the claimant's daily activities.

*Id.* (citing 20 C.F.R.§ 416.929(a)).

An ALJ may consider "household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters*, 127 F.3d at 532. The ALJ's findings "based on the credibility of the applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility." *Id*. at 531.

The ALJ found that Push's impairments only support a limitation to a light exertion level with limitations on postural maneuvers, manipulation controls, and environmental exposure. While the treating physicians' treatment notes documented Push's diagnosis and pain, the ALJ found that the objective evidence did not support the alleged severity and disabling nature of the pain.

Contrary to Push's assertion, the ALJ did not rely mainly on Push's activities in determining that Push's allegations of total disability were not credible. The ALJ evaluated her activities based on the objective evidence in the record and found that the objective evidence did not support the intensity, persistence, and limiting effects of the symptoms that Push alleges.

Magistrate Judge Grand did not err in approving the ALJ's credibility analysis.

**C. Objection three: Hypothetical question posed to vocational expert**

Push argues that the ALJ failed to pose accurate hypothetical questions to the vocational expert. Push says that the ALJ did not mention the limitations that would

8

have been caused by her symptoms, which were documented by her medical records and testimony, but used the non-examining physician's findings of "frequent hand use."

The ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Substantial evidence supports the ALJ's findings of credibility and his weighing of the evidence.

Magistrate Judge Grand did not err in approving the hypothetical question the ALJ posed.

### VI.     Conclusion

The Court **ADOPTS** the R&R.

**IT IS ORDERED.**

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  July 22, 2016

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 22, 2016.
>
> S/Carol A. Pinegar
> Deputy Clerk